HOBBS v. HEAD & DOWST CO. In re HOBBS. In re NEW ENGLAND BREEDERS' CLUB. (Circuit Court of Appeals, First Circuit. March 1, 1911.) Nos. 873, 896. In the matter of the New England Breeders' Club, bankrupt. Nathaniel W. Hobbs, trustee, appeals from an order denying his petition for disallowance of a mechanic's lien claim in favor of the Head & Dowst Company. On petition for rehearing. Overruled. For former opinion, see 184 Fed. 409. Henry F. Hollis, for appellant. George H. Warren, Robert L. Manning, and Burnham, Brown, Jones & Warren, for appellee. Before COLT, PUTNAM, and LOWELL, Circuit Judges.

PUTNAM, Circuit Judge. These are the cases in which judgments for the Head & Dowst Company were entered on January 3, 1911. 184 Fed. 409. This petition is entitled both in "Hobbs, Trustee, v. Head & Dowst Company," and in "Nathaniel W. Hobbs, Trustee, Petitioner." It is not necessary to notice the latter proceeding, because it was plainly dismissed for want of jurisdiction. The merits were disposed of in Hobbs, Trustee, Appellant, v. Head & Dowst Company, Appellee, and the Head & Dowst Company has now filed this petition for a rehearing. The petition for a rehearing takes notice of the fact that the involuntary petition in bankruptcy involved here was filed on, April 19, 1907, instead of April 29, 1907, as stated in our opinion, and therefore, in fact, a few days within the four months after the lien suit referred to in these proceedings was commenced. This is wholly an unimportant matter, because no question of preference arises here. The petition for a rehearing treats Roehm v. Horst, 178 U. S. 1, 20 Sup. Ct. 780, 44 L. Ed. 953, as though it were purely a superficial case relating entirely to the detailed circumstances out of which it grew. This is an absolute misapprehension, for Roehm v. Horst goes to the very bottom of a fundamental rule to such an

extent that, as we said in our opinion, independently of it, the rule which was reaffirmed by it would apply here. This rule is so fundamental as to dispose of the merits of these proceedings in any possible view that can be taken of them, or of what occurred in the courts of New Hampshire; and this in such a way that it is unnecessary to notice any other propositions now brought to our attention. We have given full consideration to the petition for a rehearing, and the following order must be entered: Ordered, with reference to the petition for a rehearing filed by Nathaniel W. Hobbs, trustee, appellant, on February 3, 1911, it appears that no judge who concurred in the judgments desires that the petition be allowed, and the same is dismissed, and mandate will issue forthwith.